IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELICIA D. ALLEN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-4029-RWS |
| BANK OF AMERICA, N.A.; : | |
| FANNIE MAE; MERS; MCALLA : | |
| RAYMER, LLC; and FIRST : | |
| AMERICAN TITLE : | |
| INSURANCE COMPANY, | |
| Defendants. | |

**ORDER**

This case comes before the Court on Defendant McCalla Raymer, LLC ("McCalla")'s Motion to Dismiss [12] and Defendants Bank of America, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively the "Lender Defendants")'s Motion to Dismiss [15]. After reviewing the record, the Court enters the following Order.

**Background**[1]

---

[1] As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

This case arises out of the foreclosure sale of real property located at 112 Celtic Court, Ellenwood, Georgia 30294 (the "Property"). (Compl., Dkt. [1] ¶ 1.) On July 25, 2008, Plaintiff obtained a loan from Countrywide Bank, FSB ("Countrywide"), Defendant BANA's predecessor in interest,[2] in the amount of $324,000.00. (Lender Defs.' Mot. to Dismiss, Ex. A (Security Deed), Dkt. [15-2] at 1-2 of 13.)[3] To secure repayment of the Loan, Plaintiff executed a Security Deed conveying the Property to Defendant MERS, as nominee for Countrywide, which was recorded in the real property records of Henry County, Georgia. (Id. at 2 of 13.) Defendants state that subsequent to Plaintiff's default, and by reason of that default, Defendant BANA accelerated the debt and retained the law firm Defendant McCalla to initiate non-judicial foreclosure proceedings. (Lender Defs.' Mem., Dkt. [15-1] at 3; Mem. in Supp. of

---

[2] After Plaintiff obtained her loan, Countrywide merged with Defendant BANA. (Mem. of Law in Supp. Lender Defs.' Mot. to Dismiss ("Lender Defs.' Mem."), Dkt. [15-1] at 3 n.3.)

[3] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of Henry County, when considering a motion to dismiss. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1998). This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

2

McCalla's Mot. to Dismiss ("McCalla's Mem."), Dkt. [12-1] at 3.) This litigation followed.

Plaintiff, acting pro se, filed the instant Complaint challenging Defendants' right to foreclosure on the Property and alleging the following: (1) that "Defendant" has failed to produce Plaintiff's promissory note (the "Note") and therefore lacks standing to foreclose (Dkt. [1] ¶ 3); (2) that "Defendant"'s failure to produce the Note violates Article 3-301 of the Uniform Commercial Code ("UCC") (id. ¶¶ 2, 4); (3) that "Defendant" committed fraud, rendering Plaintiff's loan contract void (id. ¶ 6); and, finally, (4) that "Defendant" did not actually lend Plaintiff money (a theory known as "vapor money") (see id. ¶ 5 ("Defendant created the money and credit upon its own books by bookkeeping entry as the consideration for the Promissory Note thus risking none of their own money in the transaction")). Defendants now move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. [12], [15].) Plaintiff has failed to file a response to either motion to dismiss, which

3

AO 72A
(Rev.8/82)

motions therefore are deemed unopposed.  See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").[4]

## Discussion

### I.   Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant, 187 F.3d at 1273 n.1.  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

---

[4] When a party fails to respond to a Rule 12(b)(6) motion to dismiss, it is within the Court's discretion to grant the motion solely on the basis that it is unopposed. Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998).  In light of the Court's preference for resolving cases on the merits, however, the Court considers the allegations in the Complaint and reviews Defendants' motions on the merits.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Utilizing this framework, the Court considers the allegations of the Complaint and whether Plaintiff has stated a plausible claim for relief.

5

**II.   Analysis**

    A.    <u>Defendant McCalla Raymer, LLC's Motion to Dismiss [12]</u>

The Court agrees with Defendant McCalla that Plaintiff's Complaint fails to state a claim against it and is due to be dismissed under Rule 12(b)(6). The overwhelming majority of Plaintiff's three-page Complaint consists of conclusory legal assertions unsupported by any factual allegations. Indeed, there are no factual allegations in the Complaint regarding any wrongdoing on the part of Defendant McCalla, and with the exception of the case caption, the name "McCalla" is never even mentioned in the Complaint. Thus, Plaintiff not only has failed to allege facts showing any wrongdoing on the part of McCalla, she has failed to allege facts regarding what role, if any, McCalla played in the events underlying the instant Complaint.[5] Absent a single factual allegation regarding this Defendant, Plaintiff's Complaint plainly fails to state a plausible claim for relief against McCalla, whose Motion to Dismiss [12] therefore is due to be **GRANTED**.

---

[5] It is only through the Defendants' motions to dismiss that the Court has any knowledge of the role Defendant McCalla played in the events underlying this case.

B.  The Lender Defendants' Motion to Dismiss [15]

The Court also finds that Plaintiff's Complaint fails to state a claim for relief against the Lender Defendants and is due to be dismissed under Rule 12(b)(6). As set out in the Background section, supra, Plaintiff purports to raise four (4) claims for relief against an unspecified "Defendant." While the Complaint could be dismissed under Rule 12(b)(6) purely because of Plaintiff's failure to specify which claims correspond with which Defendant or Defendants, in light of Plaintiff's pro se status, the Court addresses each claim on the merits.

Plaintiff first claims that "Defendant" lacks standing to foreclose because it has not produced Plaintiff's promissory note. Plaintiff, however, fails to point to any legal authority for the proposition that a lender commencing foreclosure proceedings must be in possession of the original promissory note, and the Court has found none. On the contrary, this "produce the note" theory has been rejected routinely by this Court and others. See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that Georgia law does not require a "lender commencing foreclosure proceedings to produce the original note")

7

(citations omitted); Hill v. Saxon Mortg. Servs., Inc., No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note).

Relatedly, Plaintiff's claim that "Defendant" violated UCC Article 3-301 by failing to produce the Note fails because Plaintiff has failed to show that any Defendant was under a legal obligation to produce the promissory note, as stated above. The claim also fails because Plaintiff has not shown how failing to produce a promissory note possibly could violate this provision of the UCC, which provision merely defines "[p]ersons entitled to enforce" negotiable instruments. See O.C.G.A. § 11-3-301 ("Person entitled to enforce instrument."). Indeed, this provision appears to have no applicability to the facts of this case. In sum, Plaintiff has failed to state a plausible claim that any Defendant has violated this Code section by failing to produce the original Note.

Plaintiff likewise has failed to state a claim for fraud. Under Rule 9(b), a claim for fraud must be pled "with particularity." Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were

8

made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002). That is, to avoid dismissal, a complaint alleging fraud must plead the "who, what, when, where and how" of the alleged fraud. Mathis v. Velsicol Chemical Corp., 786 F. Supp. 971, 976-77 (N.D. Ga. 1991). In this case, Plaintiff has failed to allege sufficient facts regarding the "who, what, when, where" or "how" of the purported fraud to state a plausible claim for relief.

Finally, Plaintiff has failed to state a claim for relief based on the allegation that "Defendant created the money and credit upon its own books by bookkeeping entry as the consideration for the Promissory Note thus risking none of their own money in the transaction" (i.e., that Defendant did not actually lend Plaintiff money). This Court previously has held this "vapor money" theory to be frivolous, and courts across the country have rejected it uniformly. Thomas v. Countrywide Home Loans, No. 2:09-CV-00082-RWS, 2010 WL 1328644, at *1 (N.D. Ga. March 29, 2010); see also McLehan v.

9

Mortg. Elec. Registration Sys., No. 08-12565, 2009 WL 1542929, at *2 (E.D. Mich. June 2, 2009) ("The vapor money theory, however, and similar arguments have been rejected by federal courts across the country.") (internal quotations and citations omitted); Demmler v. Bank One NA, No. 2:05-CV-322, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006) (finding "vapor money" theory to be a "patently ludicrous argument"). In sum, Plaintiff has failed to state a plausible claim for relief against any of the Lender Defendants, whose Motion to Dismiss [15] therefore is due to be **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendant McCalla Raymer, LLC's Motion to Dismiss [12] is **GRANTED**. Defendant Bank of America, N.A., Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss [15] likewise is **GRANTED**.

**SO ORDERED**, this   10th   day of July, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)